IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM CRAWFORD, on behalf of plaintiff and a class, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 12 C 4397 |
| VISION FINANCIAL CORPORATION and PRECISION RECOVERY ANALYTICS, INC., | ) ) ) ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

Plaintiff William Crawford's Amended Complaint (Dkt. No. 20 ("Am. Compl.")) alleges that defendants Vision Financial Corporation ("Vision") and Precision Recovery Analytics, Inc. ("Precision") violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p, by sending him a deceptive and misleading letter in an attempt to collect a debt. Crawford is also attempting to bring his claims on behalf of a class of similarly situated individuals who received deceptive or misleading letters from Vision or Precision. (Am. Compl. ¶¶ 38-47.) Currently pending before the court is Vision's "Motion to Dismiss Plaintiff's Amended Complaint" under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. (Dkt. No. 23.) For the reasons explained below, that motion is denied.

BACKGROUND

Defendant Vision is a debt collection agency that regularly attempts to collect defaulted debts it has purchased from creditors. (Am. Compl. ¶ 7.) On August 17, 2011, Vision sent a letter to plaintiff William Crawford, an Illinois resident, seeking to collect on a credit card debt that he had incurred. (*Id.* ¶ 19.) Crawford had incurred the debt more than five years previously, so that the

Illinois statute of limitations on credit card debt had already run. (*Id.* ¶¶ 22, 24.) The letter read, in relevant part:

> Our client, Precision Recovery Analytics, Inc., has purchased your account and all rights to the debt receivable from GE Money Bank/Peach Direct. There is an outstanding balance due of $3,178.83 which has been listed for collection with Vision Financial Corp.
>
> Our client, Precision Recovery Analytics, Inc., has authorized Vision Financial Corp. to communicate to you a special offer that will allow you to resolve this outstanding debt at this time.
>
> Precision Recovery Analytics, Inc. will accept $2,384.12 as payment, and full resolution of this debt. You may take advantage of this special offer by contacting us . . . . Once credit card or check payment by phone is taken, processed and applied to the account, the account will be considered settled in full. You will be released from any further financial liability concerning repayment of this account.

(Dkt. No. 20, Ex. A.) Crawford alleges that Vision regularly sends standard form letters substantially identical to its August 17, 2011, letter to Crawford in its attempts to collect debts on which the statute of limitations has expired. (Am. Compl. ¶ 26.)

## LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. The complaint must "include sufficient facts 'to state a claim for relief that is plausible on its face.'" *Cole v. Milwaukee Area Tech. College Dist.*, 634 F.3d 901, 903 (7th Cir. 2011) (quoting *Justice v. Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009)). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). In ruling on a Rule 12(b)(6) motion, the court "construe[s] the . . . [c]omplaint in the light most favorable to Plaintiff, accepting as true all well-pleaded facts and drawing all possible inferences in his favor." *Cole*, 634 F.3d at 903.

## ANALYSIS

The FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Without limiting the general applicability of that prohibition, the statute provides a list of specific violations, including "[t]he false representation of . . . the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A).

Multiple courts in this district have held that the mere attempt to collect a time-barred debt, even without disclosing to the debtor that the statute of limitations has run, does not violate the FDCPA unless the collection attempt is accompanied by a threat of litigation. *See Magee v. Portfolio Recovery Ass'ns*, LLC, 12 C 1624, 2012 WL 3560996, at *3 (N.D. Ill. Aug. 15, 2012); *McMahon v. LVNV Funding, LLC*, No. 12 C 1410, 2012 WL 2597933, at *2 (N.D. Ill. July 5, 2012) (Kocoras, J.), *motion to reconsider denied*, 2012 WL 3307011 (N.D. Ill. Aug. 13, 2012); *Murray v. CCB Credit Servs., Inc.*, No. 04 C 7456, 2004 WL 2943656, at *2 (N.D. Ill. Dec.15, 2004) (Moran, J.); *Walker v. Cash Flow Consultants, Inc.*, 200 F.R.D. 613, 616 (N.D. Ill. 2001) (Pallmeyer, J.). Those courts reason, persuasively, that under Illinois law, the statute of limitations is a procedural defense that does not alter the creditor's substantive rights. *See Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A.*, 770 N.E.2d 177, 194 (Ill. 2002) ("Statutes of limitations are procedural, merely fixing the

time in which the remedy for a wrong may be sought, and do not alter substantive rights."). Accordingly, the creditor may attempt to collect the debt outside of court, even though a statute of limitations defense would defeat any claim that the creditor might try to bring in court.[1]

Here, Crawford nonetheless contends that Vision's letter to him was deceptive because of two comments that falsely imply Vision was able to sue him in court. First, he points to the statement that if he pays the designated amount, "the account will be considered settled in full." Second, Crawford relies on the statement that "[y]ou will be released from any further financial liability concerning repayment of this account." According to Crawford, the words "settled" and "liability" imply a legal settlement and legal liability, suggesting to any reader the possibility of a lawsuit that needs to be "settled" lest Crawford incur legal "liability."

When evaluating a motion to dismiss a claim under the FDCPA that a debt-collection letter was deceptive or misleading, the court must view letter through the eyes of an "unsophisticated debtor." *McMillan v. Collection Prof'ls Inc.*, 455 F.3d 754, 758 (7th Cir. 2006). The unsophisticated debtor "may be uninformed, naïve, and trusting, but is not a dimwit, has rudimentary knowledge

---

[1] Vision Financial contends that the court should disregard these judicial decisions and instead give deference to several consent decrees that the Federal Trade Commission and other federal agencies entered into with Asset Acceptance, LLC, and American Express, each of which requires the defendant to cease attempts to collect time-barred debts without informing the debtor that the debt is time-barred. (Dkt. No. 25, Exs. B-F.) The court agrees with Judge Kocoras's reasoning in *McMahon*, 2012 WL 2597933, at *2-4, however, that the consent decrees are not entitled to deference because they did not arise out of a formal adjudication or out of a notice-and-comment rulemaking procedure, because there is no evidence that Congress intended the agencies to interpret the FDCPA authoritatively through consent decrees or other litigation procedures, because the consent decrees lack any description of the reasoning or process behind the conclusion that the FDCPA forbids the collection of a time-barred debt, and because the conclusions in the consent decrees therefore may be contingen t on the specific circumstances of the cases in which they were entered, including the particulars of the applicable state law. *See United States v. Mead Corp.*, 533 U.S. 218, 227-31 (2001).

about the financial world, and is capable of making basic logical deductions and inferences." *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012) (citations, quotation marks, and alterations omitted). The question for the court when considering the unsophisticated debtor is whether the letter is "'confusing to a significant fraction of the population.'" *Id.* (citation omitted).

Moreover, the ultimate question of whether a letter is misleading or deceptive is a question of fact on which it is appropriate to introduce evidence about how the general public would react to the language of a particular letter. *Id.* Accordingly, the Seventh Circuit has "cautioned that a district court must tread carefully before holding that a letter is not confusing as a matter of law when ruling on a Rule 12(b)(6) motion because district judges are not good proxies for the unsophisticated consumer whose interest the statute protects." *McMillan*, 455 F.3d at 759. The Seventh Circuit continued:

> Whether characterized as issues of fact or issues of mixed fact and law, district courts must act with great restraint when asked to rule in this context on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Undoubtedly, there will be occasions when a district court will be required to hold that no reasonable person, however unsophisticated, could construe the wording of the communication in a manner that will violate the statutory provision. In most instances, however, a proper application of the rule will require that the plaintiff be given an opportunity to demonstrate that his allegations are supported by a factual basis responsive to the statutory standard.

*Id.* at 760.

Applying that standard, Crawford contends that this case is indistinct from *Rawson v. Source Receivables Mgmt., LLC*, 11 C 8972, 2012 WL 3835096 (N.D. Ill. Sept. 4, 2012) (Bucklo, J.), a case denying a motion to dismiss a similar FDCPA claim about a misleading debt-collection letter. In *Rawson*, however, the letter included a request for payment "[t]o avoid further collection efforts," language that the court held "represents a thinly-veiled threat of future litigation." *Id.* at *2 (citation

omitted). The language in Crawford's letter does not explicitly reference future collection efforts. Instead, it merely refers to the need to "settle" the debt and references the debtor's "further financial liability" if he does not pay, language that cannot be construed as such a blatant threat of future litigation.

The court must therefore parse the particular language in Crawford's letter. In accord with other courts that have addressed the issue, the court first determines that the use of the term "settle" by itself is not misleading and does not imply the possibility of litigation against Crawford. *Magee*, 2012 WL 3560996, at *4 ("[A] debt collector is allowed to use the term 'settle' or 'settlement' in a debt-collection letter."); *see also Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 775 (7th Cir. 2007) (stating that in the debt collection context, "[t]here is nothing improper about making a settlement offer"). *But see McMahon*, 2012 WL 3307011, at *3 (allowing an amended complaint to assert a claim that an offer to "settle" a debt implicitly threatens litigation because "[w]hether a settlement offer in a dunning letter is deceptive is a fact-intensive question that is generally not resolvable at the pleadings stage of a lawsuit"). Indeed, an unsophisticated debtor would likely interpret the term "settle" in a debt-collection letter to mean only the "settlement" of a debt, not the settlement of a lawsuit. Indeed, in common parlance, the financial meaning of "settlement" is somewhat more common than the legal meaning. *See The American Heritage Dictionary* 1122 (2d coll. ed. 1982) (10th meaning v. 12th meaning). No matter how quick lawyers and judges might be to assume that "settlement" refers to a legal settlement (and lawyers should, as the court has frequently said, always be thinking about settlement), the unsophisticated debtor likely does not have the legal context so close to his mind. Here, the unsophisticated debtor is much more likely to think of settlement of a debt, particularly because Crawford's letter refers to the possibility that the

debt will be "settled in full," a usage unique to the financial meaning of the term. (One does not usually speak of "settling in full" a lawsuit.)

The reference to "further financial liability," however, may improperly imply litigation. The parties have not cited any cases, and the court has found none, addressing a debt-collection letter using language referring to "further financial liability." The word "liability," of course, has considerably fewer possible meanings than the word "settle," and applies almost exclusively to financial liability or legal liability.[2] Moreover, those two meanings frequently overlap in common usage, as a legal liability is often a financial liability, and vice-versa.[3] Accordingly, an unsophisticated debtor, upon reading of possible "liability," is somewhat likely to connect the word to a possible lawsuit. Plainly, the inclusion of the modifier "financial" in front of liability is meant to guard against that interpretation. Again, however, there is a fine line between a financial and a legal liability. An unsophisticated debtor may well think that a "financial liability," although primarily referring to a financial debt that exists apart from legal process, can be enforced in court.

Accordingly, because it is a close question, the court thinks it best to follow the Seventh Circuit's admonition to act with restraint and to err on the side of giving the plaintiff a chance to submit evidence showing that the language of a debt-collection letter is misleading. *McMillan*, 455 F.3d at 760. For that reason, Vision's motion to dismiss is denied.

---

[2] *See The American Heritage Dictionary* 727 (2d coll. ed. 1982). The term "liability" can also be used metaphorically, drawing on those two common meanings, as when one comments that "the gymnast's churlish demeanor was a great liability with the judges" or "the candidate could not overcome the liability of his inability to connect with the electorate."

[3] For example, the General Counsel of a corporation might comment that "our failure to comply with the license agreements could open us to a lot of liability," meaning both that the corporation could be sued, and that, ultimately, the corporation could pay a lot of money.

## CONCLUSION

The motion to dismiss of defendant Vision Financial Corporation (Dkt. No. 23) is denied. The defendants' answer is due 11/14/12. Counsel are to confer pursuant to Rule 26(f) and jointly file a Form 52 on or before 11/27/12. The case is set for status and entry of a scheduling order at 9:00 AM on 11/29/12. The parties are encouraged to discuss settlement.

ENTER:

_____
JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date: October 31, 2012